Case 4:13-cv-00735-A Document 17 Filed 11/06/13 Page 1 of 8 PageID 495

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 6 2013

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANIEL MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-735-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Daniel Martinez, a state prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On March 8, 2011, a jury found petitioner guilty of aggravated robbery with a deadly weapon in the 371st District Court of Tarrant County, Texas, Case No. 1183639D, and, on March

9, 2011, the jury assessed his punishment at thirty-five years' confinement. (State Habeas R. at 59) The Second District Court of Appeals of Texas affirmed the trial court's judgment on March 29, 2012, and denied petitioner's motion for rehearing on April 19, 2012. (Second Court of Appeals, Docket Sheet, docket entries for 3/29/2012 & 4/19/2012 in Case No. 02-11-100-CR) Petitioner did not file a petition for discretionary review; thus his conviction became final under state law thirty-two days later on May 21, 2012. *See* Tex. R. App. P. 68.2(a)[1]; *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner filed a state habeas application challenging his conviction on September 17, 2013, which remains pending at this time.[2] (Resp't Prel. Resp., App. A) This federal petition was filed on August 29, 2013.[3] (Pet. at 8) As directed, respondent has filed a preliminary

---

[1] Thirty days after April 19, 2012, was a Saturday.

[2] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 12 of the application was signed by petitioner on September 21, 2012; thus, for purposes of these findings, the undersigned deems the state application filed on September 21, 2012. (SHR at 13)

[3] Petitioner's federal habeas petition is also deemed filed when it is placed in the prison mailing system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

response addressing only the issue of limitations, wherein he contends the petition is untimely. Petitioner filed a reply in rebuttal.

## II. Issues

Petitioner raises four grounds for relief, in which he claims (1) the state knowingly presented perjured testimony from its chief witness, (2) his rights to due process and equal protection were violated by a grossly inadequate and thus unfair voir dire, (3) he suffered from deprivation of effective assistance of trial counsel, and (4) he is actually innocent of the offense. (Pet. at 6)

## III. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final on May 21, 2012, triggering the one-year limitations period, which expired one year later on May 21, 2013, absent any tolling. *See Roberts*, 319 F.3d at 694.

Petitioner's state habeas application filed on September 17, 2013, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. *Scott*

v. *Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged and demonstrated rare or exceptional circumstances warranting tolling as a matter of equity. *See Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2552 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner asserts that his incarcerated status "greatly hindered his ability to investigate and pursue his claims," and that he was just recently made aware of his perjured-testimony ground. He also asserts that he was under the impression he had filed a prior state habeas application in September 2012, which he placed in the prison mailing system on September 12, 2012. (Pet'r Reply at 1-2)

It is well settled that a petitioner's incarcerated status limiting his access to outside information does not warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999). Further, although petitioner asserts he placed a

state habeas application in the prison mailing system in September 2012, he provides no proof other than a purported copy of the state application attached to his petition, which the court finds unpersuasive. Finally, petitioner's bare assertion that he was just recently made aware of his perjured-testimony ground is insufficient to carry the evidentiary burden required to invoke equitable tolling. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner also contends the untimeliness of his petition should be excused to avoid a fundamental miscarriage of justice as he is actually innocent. In *McQuiggin v. Perkins,* the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). *McQuiggin,* -- U.S. --, 133 S. Ct. 1924, 1932-33 (2013). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find

6

the petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup* ). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States,* 523 U.S. 614, 623-624 (1998). Petitioner has made no valid attempt to show he is actually innocent.

Accordingly, petitioner's federal petition was due on or before May 21, 2013. His petition filed on September 17, 2013, is therefore untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that his petition should not be dismissed as untimely and procedurally barred.

SIGNED November 6, 2013.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE